The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| HOWARD WILLIS STEPHENSON, JR. | ) |
| and DEBRA ANN STEPHENSON, | ) CASE NO. 09-61076 |
| | ) |
| Debtors. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **ON MOTION TO APPEAR PRO** |
| | ) **HAC VICE (NOT INTENDED** |
| | ) **FOR PUBLICATION)** |

This matter is before the Court on the Motion of Creditor William J. Lightfoot, D.D.S. ("Creditor" or "Lightfoot") to admit Andrew G. Hyde, attorney at law ("Hyde") *pro hac vice* to represent Lightfoot in the bankruptcy of Howard Willis Stephenson, Jr. and Debra Ann Stephenson ("Debtors"). No objections were filed.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed for protection under Chapter 13 of the Bankruptcy Code on March 26, 2009. On their Schedule F, they scheduled a debt in the amount of $469.68 owed to Hyde. The debt is listed as incurred on January 1, 2005 and is described as "Collection for William Lightfoot, DDS."

Creditor filed the instant motion on June 18, 2009, seeking to allow Andrew Hyde to appear to represent Creditor's interests (and, presumably, Hyde's own, given that the debt is now listed as owed to Hyde). Creditor represented to the Court that Hyde is licensed to practice law in Ohio and is a member in good standing of the highest court in the state of Ohio; no contrary information has been brought to the Court's attention.

However, upon review, the Court noted that Hyde's business address is 144 North Water Street, Loudonville, Ohio 44842. That address is not only within the bounds of the Northern District of Ohio, but is also within Ashland County–one of the eight counties within the area of responsibility of the Canton location. In other words, Hyde is a "foreign" attorney only in the sense that he is not admitted to practice before the Northern District of Ohio.

## LEGAL ANALYSIS

In the bankruptcy courts of this district, *pro hac vice* admissions are governed by Local Bankruptcy Rule 2090-1, which provides, in its entirety:

> Every member in good standing of the Bar of the United States District Court for the Northern District of Ohio is entitled to practice before this Court. Any member in good standing of the Bar of any court of the United States or of the highest court of any state may, upon written or oral motion, be permitted to appear and participate in a case or proceeding. Unless otherwise ordered by the Court, it shall not be necessary for any attorney entitled to practice before the Court or permitted to appear and participate in a case or proceeding to associate with or to designate an attorney with an office in this district upon whom notices, rulings, and communications may be served.

However, the use of the permissive word *may* in the above language signifies that granting permission to appear *pro hac vice* is a matter committed to the sound discretion of the trial judge. D. H. Overmyer & Co., Inc. v. Robson, 750 F.2d 31, 33 (6th Cir. 1984). Bankruptcy courts in this district continue to rely on Overmyer to revoke or deny permission to participate *pro hac vice* when it appeared that granting such permission would be an unwise use of judicial discretion. See In re Hake, 387 B.R. 514 (Bankr. N.D. Ohio 2008) (Woods, J.), aff'd, 398 B.R. 892 (B.A.P. 6th Cir. 2008) (show cause order entered, hearing held, and *pro hac vice* status revoked after attorney violated court's exclusionary order forbidding issuing subpoena upon debtor-wife, and refused, at hearing to acknowledge validity of court order); In re Horn, 285 B.R. 390 (Bankr. N.D. Ohio) (Morgenstern-Clarren, J.) (*pro hac vice* status denied when attorney filed papers on behalf of a client without authorization, failed to attend two court hearings, baselessly accused opposing counsel of engaging in "extortion," blamed opposing counsel for his own troubles, blamed opposing counsel

for pointing out that he needed permission to appear *pro hac vice*, and was generally rude and abusive).

Nothing in the instant case suggests a transgression as egregious as those present in Hake and Horn. To the best of the Court's knowledge, Hake has disobeyed no court rules or orders, has not countermanded any express wish of his client, and has not shown any manner of gross disrespect for the bench or fellow members of the bar. He is licensed to practice before the highest court of his state. The Court will therefore grant his application to appear *pro hac vice*.

However, the Court does not ignore the fact that Hyde is a local attorney, and his application to appear *pro hac vice*, while well within the letter of the rules, nevertheless stretches their intent. Overmyer implicitly acknowledges that the core purpose of *pro hac vice* admissions is to freely allow *out-of-state* attorneys to represent the interests of their clients in a given forum:

> As is clear from the above-cited language, the decision to permit an *out-of-state* attorney to practice in the bankruptcy or district court for the northern district of Ohio is committed to the sound discretion of the trial judge. [The local civil rule] represents the codification of the inherent authority of the court to regulate the practice of law before it, as recognized by the United States Supreme Court over 150 years ago.

Overmyer at 33 (emphasis added); see also Ex parte Burr, 22 U.S. (9 Wheat.) 529, 6 L.Ed. 152 (1824) (some discretion to regulate the membership of the local bar resides with the local courts). Hyde is not out of state. In fact, he is not even out-of-district. In fact, he is in the area served by the Canton location.

The local rules promulgated by the Northern District of Ohio governing *pro hac vice* admissions allow, but express a preference against, what Hyde requests:

> *The Court's strong preference is that attorneys seek permanent admission to the Bar of this Court,* however, any member in good standing of the Bar of any court of the United States or of the highest court of any state may ... be permitted to appear and participate in a particular case, or in a group of related cases.

Local Civ. R. 83.5(h) (emphasis added). This preference, always strong, is at its zenith when the attorney seeking *pro hac vice* admission is actually local. While the Court lacks reason sufficient to deny Hyde's application, it is also wary of inviting future *pro hac vice* applications from local attorneys. Such applications would contravene the express strong preference of the district court from whence this Court's jurisdiction descends. Moreover, they would tend to waste judicial resources because of the addition administrative burden that attorneys appearing *pro hac vice* pose for the clerk's office in the age of electronic filing. Admission to the bar of this district is a prerequisite for obtaining a CM/ECF[1] account, and this Court's standard operating procedure is to require all practitioners before it to submit documents through their district-issued CM/ECF

---

[1] Case Management/Electronic Case Filing

accounts. See Fifth Amended General Order No. 03-01, available at http://ohnb-web/judges/generalorders.htm.

The Court will therefore grant Andrew Hyde permission to appear *pro hac vice* ... this time. Should he wish to appear in another case before this Court, however, the Court will require him to obtain the permanent admission to the Bar of the Northern District of Ohio preferred by Local Civ. R. 83.5(h).

An order consistent with this opinion will be entered contemporaneously.

# # #


**Service List:**

C. Richard Thompson
371 Lexington Avenue
Mansfield, OH 44907

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Andrew G. Hyde
144 N. Water St.
Loudonville, OH 44842